UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KAREN S.,

           Plaintiff,

       v.                                        **DECISION AND ORDER**

                                                             21-CV-6232S

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.
_____

        1.        Plaintiff Karen S.[1] brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied her application for disability insurance benefits under Title II of the Act. (Docket No. 1.) This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

        2.        Plaintiff protectively filed her application with the Social Security Administration on February 23, 2018. Plaintiff alleged disability beginning September 23, 2017, due to spine disorders and mild intermittent asthma without complications. Plaintiff's application was denied, and she thereafter requested a hearing before an administrative law judge ("ALJ").

        3.        On February 18, 2020, ALJ Ronald Thomas held a hearing at which Plaintiff—represented by counsel—and Vocational Expert Sakinah Malik appeared and testified. (R.[2] at 15, 32-57.) At the time of the hearing, Plaintiff was 58 years old during

---

[1] In accordance with this Court's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order will identify Plaintiff by first name and last initial.

[2] Citations to the underlying administrative record are designated as "R."

the hearing and she had a high school education (R. at 36, 424; see Docket No. 6, Pl. Memo. at 5).  Plaintiff had past work experience as computer security specialist, light exertion work, and as a receptionist, sedentary work (R. at 25-26).

4.      The ALJ considered the case *de novo* and, on March 31, 2020, issued a written decision denying Plaintiff's application for benefits.  After the Appeals Council denied Plaintiff's request to review the ALJ's decision, she filed the current action, challenging the Commissioner's final decision.[3]  (Docket No. 1.)

5.      Both parties moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.  (Docket Nos. 6, 7.)  Plaintiff filed a response on August 9, 2022 (Docket No. 8), at which time this Court took the Motions under advisement without oral argument.  For the reasons that follow, Plaintiff's Motion is **denied**, and Defendant's Motion is **granted**.

6.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 26 L.Ed.2d 842 (1971).  Where evidence is

---

[3]The ALJ's March 31, 2020, decision became the Commissioner's final decision on this matter when the Appeals Council denied Plaintiff's request for review.

deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

7.  "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams *ex rel.* Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

8.  The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

9.  The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If [s]he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits [her] physical

3

> or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider [her] disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, [s]he has the residual functional capacity to perform [her] past work. Finally, if the claimant is unable to perform [her] past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

10. Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Yuckert, supra, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); see also Heckler v. Campbell, 461 U.S. 458, 460, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).

11. The ALJ analyzed Plaintiff's claim for benefits under the process set forth above. At Step One, the ALJ found that Plaintiff has not engaged in substantial gainful activity since September 23, 2017, onset of disability. (R. at 17.) At Step Two, the ALJ found that Plaintiff has the following severe impairments: spine disorders and mild

intermittent asthma.  <u>Id.</u> at 18.  At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment(s) listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  <u>Id.</u>

12. Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work except with no more than occasional bending, balancing, twisting, squatting, kneeling, crawling, and climbing, but no climbing of ropes, scaffolds, and ladders; need to avoid hazards such as heights, vibrations, and dangerous machinery, but driving is allowed; no more than occasional overhead reaching bilaterally; and an environment free from concentrated poor ventilation, dust, fumes, gases, odors, humidity, wetness, and temperature extremes.  (R. at 20.)

13. At Step Four and upon the opinion of the Vocational Expert, the ALJ found Plaintiff can perform her past relevant work as a computer security specialist.  (R. at 25-26.)  At Step Five, the ALJ found the expert's opinion was consistent with the information contained in the Dictionary of Occupational Titles and the expert's professional experience, concluding that Plaintiff is not disabled.  (R. at 26.)

14. Plaintiff argues that the RFC determination is not supported by substantial evidence because the ALJ found one treating source's opinion was unpersuasive but the consultative examiner and state agency consultant were persuasive lacked support by substantial evidence.  For the reasons that follow, this argument is not persuasive and is rejected.

15. Under the Social Security standards applicable for Title II applications after March 2017 for evaluating medical evidence, the agency considers the persuasiveness of a medical opinion, 20 C.F.R. § 404.1520c(a).  The agency considers the supportability

and consistency of the opinions as the most important factors, id. § 404.1520c(c)(1), (2), (b)(2). The ALJ must explain his approach with respect to supportability and consistency when considering a medical opinion, Melissa F. v. Comm'r, No. 20CV1363, 2021 WL 3887256, at *3 (W.D.N.Y. Aug. 31, 2021)(Carter, Mag. J.) (citing, e.g., 20 C.F.R. § 404.1520c(b)). The more consistent a medical opinion is with the rest of the evidence from other medical and nonmedical sources, the more persuasive the opinion will be, 20 C.F.R. § 404.1520c(c)(2). The ALJ, however, is not required to articulate how each medical opinion is considered, 20 C.F.R. § 404.1520c(b)(1).

16.     First, Plaintiff disputes the ALJ's finding that the opinion of her primary care physician, Dr. Michael Myers, was unpersuasive because that finding is not supported by substantial evidence (Docket No. 6, Pl. Memo. at 15-22).

17.     On February 14, 2020, Dr. Myers examined Plaintiff and rendered an opinion (R. at 732-36) that Plaintiff argues supports the conclusion of her disability (Docket No. 6, Pl. Memo. at 17, 7-8). Dr. Myers diagnosed plaintiff with cervical spinal stenosis with symptoms of neck pain, arm weakness, and trouble lifting (R. at 732; Docket No. 6, Pl. Memo. at 7). Dr. Myers found that Plaintiff could lift only 5 pounds (R. 736), which she argues is inconsistent with finding of a residual functional capacity to perform light or sedentary work (Docket No. 6, Pl. Memo. at 17, citing 20 C.F.R. § 404.1567(b), (a)). Dr. Myers also found Plaintiff would miss more than 4 days of work per month (R. at 735; Docket No. 6, Pl. Memo. at 17). Further, Dr. Myers found that Plaintiff's neck pain interfered with Plaintiff's attention and concentration to perform work, making Plaintiff incapable of performing low stress jobs (R. at 733, 24). Plaintiff could sit for 2 hours,

6

stand/walk less than 2 hours (R. at 734, 24) while needing unscheduled breaks every hour during workday for 30 minutes (R. at 733, 24).

18.     The ALJ, however, found Dr. Myers' opinion was unpersuasive and not supported by the doctor's treatment notes (R. at 24).  For example, on October 23, 2017, Dr. Myers stated that Plaintiff was "[doing] well" but she could have sporadic exacerbations (R. at 403, 24).  On March 21, 2019, Dr. Myers observed that Plaintiff was doing well (R. at 615, 24).  The ALJ also found that Dr. Myers' opinion was not consistent with other evidence, imaging, and the opinions of other examiners and consultants (R. 24).

19.     Plaintiff counters that Dr. Myers' October 2017 statement was one month after the onset date and the finding that she "has done well" was too vague to determine severity (Docket No. 6, Pl. Memo. at 17, 18).  She points out that Dr. Myers examined her on February 23, 2018, reporting that physical therapy was effective, that Plaintiff was getting injection therapy, but she still was unable to work (R. at 395, 22; Docket No. 6, Pl. Memo. at 17-18).

20.     This Court finds that the ALJ analyzed the consistency and support for Dr. Myers' February 2020 opinion by comparing that opinion with his treatment notes and imaging of her spine in 2009-10, examinations of her range of motion over time by other practitioners.

21.     In her Reply (Docket No. 8, Pl. Reply Memo. at 1-2), Plaintiff disputes the imaging (R. at 264) supporting the ALJ's finding (cf. Docket No. 7, Def. Memo. at 9 n.11).  This imaging predates the 2017 onset date.  While Plaintiff argues this imaging showed more than mild to moderate degenerative changes, Plaintiff has not shown subsequent

medical evidence (from the onset date forward) to indicate her conditioning worsening. The record does not contain subsequent imaging or images taken after the onset date.

22.     Therefore, from the totality of evidence, the ALJ had substantial evidence to support findings that Dr. Myers's 2020 opinion was inconsistent with the medical evidence.

23.     The ALJ then found persuasive the opinions of consultative examiner, Dr. Alan Chu, and of state agency examiner (R. at 24-25).  Dr. Chu examined Plaintiff in March 2018 (R. at 422, 24) while the state agency examiner reported on May 2018 (R. at 58, 25).  There, the ALJ found Dr. Chu's findings were consistent with other examinations in the record (R. at 25, citing R. at 508 (Priya Vyas, P.A., examination of June 27, 2018), 652 (Taylor Indivero, RPA-C, Jan. 2, 2019).

24.     Both Vyas and Indivero found that Plaintiff had normal range of motion (R. at 508, 652).  The ALJ relied upon these findings here to accept the opinions of the consultative and agency sources.

25.     Plaintiff denies that there was substantial evidence for reliance upon the consultative examiner and the state agency examiner (Docket No. 6, Pl. Memo. at 22-23).  She claims that the ALJ cherry-picked from the medical evidence to adopt Dr. Chu's findings (id. at 22).

26.     Plaintiff, however, bears the burden of establish that her impairment met or exceeded regulatorily listed impairments.  While rejecting Dr. Chu's and the state agency doctor's opinions (and implicitly the findings about her range of motion), Plaintiff has not produced substantial evidence to show her condition was worse than observed by these doctors.

27. Therefore, this Court denies Plaintiff's Motion for Judgment on the Pleadings (Docket No. 6) rejecting the findings of the ALJ.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 6) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 7) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:      July 27, 2023
            Buffalo, New York

                                              s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge